**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4158**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO MOSLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00490-WO-1)

Submitted:  April 8, 2022                                         Decided:  May 10, 2022

Before THACKER and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eugene E. Lester, III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Lindsey A. Freeman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After serving a hundred-month prison term following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), Antonio Mosley began service of a three-year term of supervised release. Before expiration of that term, Mosley's probation officer petitioned the district court to revoke his supervised release, alleging Mosley had violated the conditions of supervision by (1) being arrested and charged in North Carolina state court with attempted first-degree arson and two counts of burning personal property; (2) failing to notify the probation officer within 72 hours of his October 1, 2020, arrest for the arson and burning charges; and (3) failing to notify the probation officer within 72 hours of changes for some of his employment positions. The Government declined to proceed on violation (1), and following a hearing, the district court found Mosley had committed violations (2) and (3) and revoked his supervised release. The court sentenced Mosley to one day in prison and a two-year term of supervised release with the condition that he abide by a location monitoring home detention program for a period not to exceed 180 days. On appeal, Mosley argues that the district court erred in revoking his supervised release and that his sentence is unreasonable. We affirm.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3). "This standard requires only that the existence of a fact be more probable than its nonexistence." *Doctor*, 958 F.3d at 234 (internal quotation marks omitted).

We review for clear error a district court's factual determinations underlying its conclusion that a violation of supervised release occurred. *Id.* "[A] court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). Rather, the reviewing court "must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). When factual findings are based on the credibility of witnesses, we afford "great deference" to the district court's determinations. *Doctor*, 958 F.3d at 234.

We conclude after review of the record that the district court did not abuse its discretion in revoking Mosley's supervised release. Mosley admitted during the revocation hearing to violating his supervised release by committing violation (2) as alleged in the revocation petition. Mosley also admitted during his hearing testimony that he did not notify his probation officer that he had begun working at one trucking company and had begun earning wages at another until months after these events, and both Mosley's and the probation officer's testimony the court credited established that Mosley knowingly failed to notify the probation officer of these changes within the 72-hour window for doing so. Having found Mosley committed such violations of his supervised release, the district court did not abuse its discretion in revoking that release, *see* 18 U.S.C. § 3583(e); U.S. Sent'g Guidelines Manual § 7B1.3(a)(2), p.s. (U.S. Sent'g Comm'n 2018), and we reject as without merit Mosley's appellate arguments to the contrary.

3

Turning to Mosley's revocation sentence, a district court has "broad discretion" when imposing a sentence on revocation of supervised release. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable. *Id.* In making this determination, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

A supervised release revocation sentence is procedurally reasonable if the district court "adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (internal footnote omitted); *see* 18 U.S.C. § 3583(e). "[A]lthough the court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (cleaned up). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* at 207 (cleaned up).

Only if we determine that a revocation sentence is unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up). "If a revocation sentence-even an unreasonable one-is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

We find no unreasonableness, plain or otherwise, in Mosley's revocation sentence. The one-day incarceration term and the two-year term of supervised release do not exceed the applicable statutory maximums. The district court properly calculated Mosley's advisory policy statement range at seven to thirteen months' imprisonment, based on his Grade C violations and Category V criminal history, U.S. Sent'g Guidelines Manual § 7B1.4(a)(2), p.s. The court heard argument from counsel and Mosley's allocution and, after considering these matters and the policy statement range, explained its reasons for imposing its sentence. Although not couched in the precise language of applicable § 3553(a) sentencing factors and factors applicable for consideration under the Sentencing Guidelines, the district court's reasons for imposing sentence are easily matched to factors appropriate for consideration in the revocation sentencing context, namely, the nature and circumstances of Mosley's violative conduct, his history and characteristics, and the sanctioning of Mosley's breach of trust while on release, *see* 18 U.S.C. §§ 3553(a)(1), 3583(e); U.S. Sent'g Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and were tied to Mosely's particular situation. Mosley has presented no evidence or argument sufficient to overcome the presumption of reasonableness afforded to his

5

below-policy-statement-range prison term, *see United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (setting forth standard), or otherwise establishing that the revocation sentence is plainly unreasonable.

We therefore affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*